# IN THE UNITED STATED DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| **INTEGRITY LIFE INSURANCE COMPANY** | Case No. __1:19-cv-00645__ |
| Plaintiff, | Judge _____ |
| vs. | |
| **CHERYL L. HOUSE** | |
| **JAMES M. JOSTE, SR.** | |
| **RICHARD J. JOSTE** | |
| **RANDALL S. JOSTE** | |
| **CAROL S. CRABTREE** | |
| **EVELYN ENLOE** | |
| **ALVIN BICKMEYER** | |
| and | |
| **JOHN AND JANE DOES 1-10** | |
| Defendants. | |

## COMPLAINT FOR INTERPLEADER

Plaintiff, Integrity Life Insurance Company ("Integrity"), for its Complaint for Interpleader against Defendants Cheryl L. House, James M. Joste, Sr., Richard J. Joste, Randall S. Joste, Carol S. Crabtree, Evelyn Enloe, Alvin Bickmeyer, and John and Jane Does 1-10 ("Defendants"), states as follows:

## JURISDICTION AND VENUE

1. This is an action for interpleader pursuant to Federal Rule of Civil Procedure 22, in which Defendants are, upon information and belief, adverse claimants to the proceeds of an annuity with Integrity. This Court has jurisdiction over this matter pursuant to Rule 22 of the Federal Rules of Civil Procedure, and 28 U.S.C. § 1332 in that the amount in controversy exceeds $75,000.00, exclusive of costs and interest, and there is complete diversity between the plaintiff and defendants.

2. Pursuant to 28 U.S.C. § 1391(b), venue is proper in this judicial district because a substantial part of the events giving rise to the claim occurred in and were directed at this judicial district, the property at issue is within the district, and Integrity resides in this district.

3. Pursuant to Loc. R. 82.1(e) venue is proper in the Western Division at Cincinnati because a substantial part of the events giving rise to the claim occurred in Hamilton County and because all of the property that is the subject of the action is located in Hamilton County.

## PARTIES

4. Integrity is an Ohio insurance company with its principal place of business located at 400 Broadway, Cincinnati, Ohio 45202.

5. Defendant, Cheryl L. House ("Cheryl House"), on information and belief, is a citizen of Missouri residing at 127 Ehmler Lane, Elsberry, Missouri 63343. Ms. House is the niece of Marvin H. Bickmeyer ("Decedent") and may be entitled to the proceeds from the Decedent's annuity policy.

6. Defendant, James M. Joste, Sr. ("James Joste"), on information and belief, is a citizen of Missouri residing at 21 Airpark Court, Wright City, Missouri 63390. James Joste is the Decedent's nephew and may be entitled to the proceeds from the Decedent's annuity policy.

7. Defendant, Richard J. Joste ("Richard Joste"), on information and belief, is a citizen of Missouri residing at 1353 Sunny Trail Court, Wright City, Missouri 63390.  Richard Joste is the Decedent's nephew and may be entitled to the proceeds from the Decedent's annuity policy.

8. Defendant, Randall S. Joste ("Randall Joste"), on information and belief, is a citizen of Missouri residing at 20 Airpark Court, Wright City, Missouri 63390.  Randall Joste is the Decedent's nephew and may be entitled to the proceeds from the Decedent's annuity policy.

9. Defendant Carol S. Crabtree ("Carol Crabtree"), on information and belief, is a citizen of Missouri residing at 1901 Krull Road, Herman, Missouri 65041.   Carol Crabtree is the Decedent's niece and may be entitled to the proceeds from the Decedent's annuity policy.

10. Defendant Evelyn Enloe ("Evelyn Enloe"), on information and belief, is a citizen of Missouri residing at 247 Bond School Road, Olean, Missouri 63366.  Evelyn Enloe is the Decedent's sister and may be entitled to the proceeds from the Decedent's annuity policy.

11. Defendant Alvin Bickmeyer ("Alvin Bickmeyer"), on information and belief, is a citizen of Missouri residing at 9 Big Oak Drive, Saint Peters, Missouri 63376.  Alvin Bickmeyer is the Decedent's brother and may be entitled to the proceeds from the Decedent's annuity policy.

12. Upon information and belief, additional unknown entities, currently identified as John and Jane Does 1-10, may also be entitled to and may claim an interest in the proceeds from the Decedent's annuity policy.  Integrity intends to amend its Complaint to add those parties as defendants when and if they become known.

## **FACTS**

13. On information and belief, Decedent and his sister were co-owners of an annuity policy ("Allianz Annuity") issued by Allianz Life Insurance Company ("Allianz") that named as

co-equal beneficiaries the Decedent's niece and three nephews, namely, Cheryl House, James Joste, Richard Joste, and Randall Joste.

14. Upon the death of his sister, the Decedent, as co-owner, became entitled to the proceeds of the Allianz Annuity.

15. On April 1, 2015, Cheryl House was appointed as the Decedent's Guardian and Conservator.

16. On April 25, 2015, Cheryl House, on behalf of the Decedent, decided to transfer the Allianz Annuity proceeds to another annuity, and applied for an Individual Fixed Annuity with Integrity ("Integrity Annuity"). The Integrity Annuity Policy No. is 2100374785.

17. On May 20, 2015, the Decedent directed payment of the proceeds from the Allianz Annuity to the Integrity Annuity in the amount of $346,955.43. As of August 5, 2019, the available proceeds are $375,150.85, including interest (the "Proceeds").

18. Under the terms of the Integrity Annuity, the Decedent's estate was the sole beneficiary of the Proceeds.

19. On November 15, 2015, upon the motion of Cheryl House, the Circuit Probate Court of Warren County, Missouri, ordered Cheryl House to "designate beneficiaries on [the Integrity Annuity]" and, further, specified that the "beneficiaries are to be the same beneficiaries that were named on a prior annuity for which the [Integrity Annuity] is a substitute" (the "Court Order").

20. On or about November 30, 2015, Cheryl House submitted to Integrity the Court Order and a Change of Beneficiary form that named herself, James Joste, Richard Joste, Randall Joste, and Carol Crabtree as primary beneficiaries in the percentages of 28%, 18%, 28%, 18%, and 8%, respectively.

21. Thereafter, Integrity identified the primary beneficiaries on the Allianz Annuity, and determined that Cheryl House, James Joste, Richard Joste, and Randall Joste, had been co-equal beneficiaries of the Allianz Annuity. Accordingly, the percentages of ownership provided by Cheryl House for the Integrity Annuity did not correspond to the percentages of ownership for the prior Allianz Annuity.

22. On January 25, 2016, Integrity wrote to the Decedent in response to the request to change the beneficiary designation and stated that "in order to process this request we require the [Change of Beneficiary] Form to list the same beneficiaries that were named in the prior annuity at Allianz for which ours is the substitute."

23. No additional change of beneficiary form was ever submitted.

24. On March 30, 2019, the Decedent died.

25. On April 4, 2019, Integrity wrote to the Decedent's Estate Representative providing instructions on how to claim the proceeds of the annuity.

26. On June 13, 2019, Integrity received a demand letter from counsel for Cheryl House, Randall Joste, James Joste, and Richard Joste demanding the proceeds of the Integrity Annuity be paid to his clients, rather than to the estate of the Decedent.

27. Under the Integrity Annuity, Integrity agreed to pay the annuity proceeds due upon proof of the Decedent's death to the named beneficiaries or, if no beneficiary was designated at the time of Decedent's death, to the estate of the Decedent. A true and accurate copy of the Integrity Annuity is attached as Exhibit A.

28. Where no estate has been set up for the Decedent, the legal heirs of the Decedent may be entitled to the Decedent's property.

29. Upon information and belief, the Decedent died intestate.

30. Upon information and belief, one or more of the named Defendants may be entitled to some or all of the Proceeds, and the Defendants have not been able to reach an agreement as to the disposition of any portion of the Proceeds.

31. Integrity has received satisfactory proof of the Decedent's death, is willing to pay the Proceeds of the Annuity, takes no position as to which of the claimants is entitled to the Proceeds, and seeks to avoid multiple liability to those competing claimants. Justice and equity dictate that Integrity should not be subject to potential liability for multiple claims by the Defendants.

### **CLAIM FOR RELIEF**
**(Interpleader)**

32. Integrity incorporates the foregoing allegations as if fully restated herein.

33. The Defendants' claims are such that Integrity is or may be exposed to multiple liabilities for payment of the Proceeds. Integrity is uncertain as to which of the Defendants should receive the Proceeds or the portion of such Proceeds each defendant should receive.

34. Integrity does not claim any interest in the Proceeds and is ready to pay the Proceeds as the Court directs.

35. Integrity requests that the Court order the Defendants to interplead in this action and set up their respective claims to the Proceeds. Integrity further requests that the Court order Integrity to deposit the Proceeds with the Court, that the Court determine which of the Defendants will receive the Proceeds and in what amounts, and that Integrity be awarded all of its costs and attorney's fees incurred in determining the claimants to the Proceeds and filing and prosecuting this action.

**WHEREFORE**, Integrity prays that the Defendants, Cheryl House, James Joste, Richard Joste, Randall Joste, Carol Crabtree, Evelyn Enloe, Alvin Bickmeyer, and John and Jane Does 1-10 be ordered to interplead in this action and set up their respective claims to the Integrity Annuity Proceeds or be forever barred from asserting the same; that Defendants and all others having notice of this order be enjoined from instituting any action against Integrity for any or all of the Annuity Proceeds; that Integrity be ordered to deposit with the Clerk of this Court the Annuity Proceeds, plus applicable interest as of the date of deposit; that Integrity thereafter be dismissed with prejudice from this action and discharged from any and all liability for benefits related to the Integrity Annuity; that Integrity receive all of its costs and attorneys' fees in connection with preparing, filing and prosecuting this interpleader action; and that Integrity receive such other relief as the Court may deem just and proper.

Respectfully submitted,

 *s/ Eric W. Richardson*
Eric W. Richardson (0066530)
Trial Attorney
Brent D. Craft (0085374)
Vorys, Sater, Seymour and Pease LLP
301 East Fourth Street, Suite 3500
Cincinnati, Ohio 45202
Tel: (513) 723-4000
Fax: (513) 723-4056
ewrichardson@vorys.com
bdcraft@vorys.com

*Attorneys for Plaintiff*
*Integrity Life Insurance Company*