# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

INTEGRITY LIFE INSURANCE
COMPANY,
     Plaintiff,

vs.

CHERYL L. HOUSE, et al.,
     Defendants.

Case No. 1:19-cv-645

Barrett, J.
Litkovitz, M.J.

**ORDER[1]**

     Plaintiff Integrity Life Insurance Company brings this interpleader action pursuant to Fed. R. Civ. P. 22 and under the Court's diversity jurisdiction, 28 U.S.C. § 1332, against defendants Cheryl L. House, James M. Joste, Sr., Richard J. Joste, Randall S. Joste, Carol S. Crabtree, Evelyn Enloe, Alvin Bickmeyer, and John and Jane Does 1-10.   (Doc. 1).   This matter is before the Court on the motion of Cheryl L. House, James M. Joste, Sr., Randall S. Joste, and Richard J. Joste (the Joste defendants) to transfer the venue of this action to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a) (Doc. 6), plaintiff's memorandum in opposition (Doc. 10), and the Joste defendants' reply memorandum (Doc. 11).   This matter is also before the Court on plaintiff's motion to amend the complaint to add Sandra Casserly, Darryl Bickmeyer, David Bickmeyer, Donald Bickmeyer, Susan Bickmeyer, Kenneth Enloe, Joni (Joanie) Clements, Kathy Bahr, Joseph Enloe, and James Enloe as named defendants for the previously identified John and Jane Does 1-10.   (Doc. 12).

---

[1] While there appears to be no controlling Sixth Circuit precedent, and the district courts in the Sixth Circuit are without consensus, the majority of cases in the Southern District of Ohio treat motions to transfer venue under 28 U.S.C. § 1404 as non-dispositive.   *See Down-lite Int'l, Inc. v. Altbaier*, No. 1:19-cv-627, 2019 WL 3562068, at *6 (S.D. Ohio Aug. 6, 2019), *review denied, decision aff'd*, No. 1:19-cv-627, 2019 WL 4439099 (S.D. Ohio Sept. 17, 2019) (collecting cases).   *See also Educ. Impact, Inc. v. Scott*, No. 2:16-cv-941, 2017 WL 2445883, at *2 (S.D. Ohio June 6, 2017); *Siegler v. City of Columbus*, No. 2:12-cv-472, 2014 WL 1096159, at *2 (S.D. Ohio Mar. 19, 2014).   *But see AC Strip v. Loge Grp., LLC*, No. 2:10-cv-081, 2010 WL 1494984, at *2 (S.D. Ohio Apr. 14, 2010), *report and recommendation adopted*, 2010 WL 3292975 (S.D. Ohio Aug. 19, 2010).

## I.  Background

Plaintiff filed the complaint in this interpleader action[2] against the Joste defendants and

others on August 7, 2019.   Plaintiff is an Ohio insurance company with its principal place of

business in Cincinnati, Ohio.   Plaintiff alleges that the Joste defendants, who reside in Missouri,

and the other named defendants are adverse claimants to the proceeds of an annuity policy issued

to decedent Marvin H. Bickmeyer.

The complaint alleges that the decedent and his sister were co-owners of an annuity

policy ("Allianz Annuity") issued by Allianz Life Insurance Company that named as co-equal

beneficiaries the decedent's niece and three nephews, namely, Cheryl House, James Joste,

Richard Joste, and Randall Joste.   Upon the death of his sister, the decedent, as co-owner,

became entitled to the proceeds of the Allianz Annuity.

On April 1, 2015, Cheryl House was appointed as the decedent's Guardian and

Conservator.   On April 25, 2015, Ms. House, on behalf of the decedent, decided to transfer

the Allianz Annuity proceeds to another annuity and applied for an Individual Fixed Annuity

with Integrity ("Integrity Annuity").   On May 20, 2015, the decedent directed payment of the

proceeds from the Allianz Annuity to the Integrity Annuity in the amount of $346,955.43.

Under the terms of the Integrity Annuity, the decedent's estate was the sole beneficiary of the

proceeds.

On November 15, 2015, upon the motion of Ms. House, the Circuit Probate Court of

---

[2] "Interpleader is an equitable proceeding that 'affords a party who fears being exposed to the vexation of defending multiple claims to a limited fund or property that is under his control a procedure to settle the controversy and satisfy his obligation in a single proceeding.'"   *United States v. High Tech. Prods., Inc*., 497 F.3d 637, 641 (6th Cir. 2007) (citing 7 Charles Alan Wright, Arthur R. Miller, & Mary Kay Kane, Federal Practice and Procedure § 1704 (3d ed. 2001) (footnote omitted)).

Warren County, Missouri, ordered Ms. House to "designate beneficiaries on [the Integrity Annuity]" and specified that the "beneficiaries are to be the same beneficiaries that were named on a prior annuity for which the [Integrity Annuity] is a substitute."  (Doc. 1, ¶ 19).  Ms. House submitted to Integrity the Probate Court Order and a Change of Beneficiary form that named herself, James Joste, Richard Joste, Randall Joste, and Carol Crabtree as primary beneficiaries in the percentages of 28%, 18%, 28%, 18%, and 8%, respectively.   Integrity, however, had identified that the primary beneficiaries named on the Allianz Annuity—Cheryl House, James Joste, Richard Joste, and Randall Joste—had been coequal beneficiaries of the Allianz Annuity. Accordingly, the percentages of ownership provided by Ms. House for the Integrity Annuity did not correspond to the percentages of ownership for the prior Allianz Annuity.

On January 25, 2016, Integrity wrote to the decedent in response to the request to change the beneficiary designation and stated that "in order to process this request we require the [Change of Beneficiary] Form to list the same beneficiaries that were named in the prior annuity at Allianz for which ours is the substitute."  (Doc. 1, ¶ 22).   No additional change of beneficiary form was ever submitted to Integrity.

The decedent died on March 30, 2019.   Plaintiff alleges that under the Integrity Annuity, plaintiff agreed to pay the annuity proceeds due upon proof of the decedent's death to the named beneficiaries or, if no beneficiary was designated at the time of decedent's death, to the estate of the decedent.   (Doc. 1, ¶ 27 and Ex. A).   Plaintiff alleges that upon information and belief the decedent died intestate, and where no estate has been set up for the decedent, the legal heirs of the decedent may be entitled to the decedent's property.

On June 13, 2019, Integrity received a demand letter from counsel for the Joste

3

defendants demanding the proceeds of the Integrity Annuity be paid to his clients, rather than to the estate of the decedent.

Plaintiff alleges that one or more of the named defendants may be entitled to some or all of the proceeds of the annuity, and the defendants have not been able to reach an agreement as to the disposition of any portion of the proceeds.   Plaintiff alleges it is willing to pay the proceeds of the annuity; it takes no position as to which of the claimants is entitled to the proceeds; and it seeks to avoid multiple liability to those competing claimants.   Plaintiff requests that the Court order the defendants to interplead in this action and set up their respective claims to the proceeds. Plaintiff further requests that the Court order plaintiff to deposit the proceeds with the Court, that the Court determine which of the defendants will receive the proceeds and in what amounts, and that plaintiff be awarded all of its costs and attorney's fees incurred in determining the claimants to the proceeds and filing and prosecuting this action.   (Doc. 1).

## II.  Plaintiff's motion to amend the complaint.

Plaintiff's motion to amend the complaint seeks to add Sandra Casserly, Darryl Bickmeyer, David Bickmeyer, Donald Bickmeyer, Susan Bickmeyer, Kenneth Enloe, Joni (Joanie) Clements, Kathy Bahr, Joseph Enloe, and James Enloe as named defendants for the previously named John and Jane Does 1-10.   (Doc. 12).   Leave to amend a complaint should be liberally granted.   *Foman v. Davis*, 371 U.S. 178 (1962).   Factors militating against permitting an amendment, such as undue delay, bad faith or dilatory motive on the part of the movant, undue prejudice to the opposing party by virtue of allowance of the amendment, and futility of amendment, do not exist in this case.   *Foman*, 371 U.S. at 182; *Brooks v. Celeste*, 39 F.3d 125, 130 (6th Cir. 1994).   Therefore, plaintiff's motion to amend the complaint is **GRANTED**.

4

### III.   The Joste defendants' motion to transfer

The Joste defendants move to transfer this case to the United States District Court for the Eastern District of Missouri pursuant to 28 U.S.C. § 1404(a).   Plaintiff opposes the motion for transfer.

Section 1404 provides: "For the convenience of parties and witnesses, in the interest of justice, a district court may transfer any civil action to any other district or division where it might have been brought."   28 U.S.C. § 1404(a).   The granting of a motion for a change in venue is within the sound discretion of the Court.   *Reese v. CNH Am. LLC*, 574 F.3d 315, 320 (6th Cir. 2009).   In exercising this discretion, the Court considers: (1) whether the case could have been brought in the Eastern District of Missouri; and (2) whether the transfer would advance the interest of justice and convenience.   *Nazarovech v. Am. Elite Recovery, LLC*, No. 1:18-cv-836, 2020 WL 489239, at *2 (S.D. Ohio Jan. 30, 2020); *Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 165 (S.D. Ohio 2012).   The Joste defendants, as the moving parties, bear the burden of establishing that a transfer of venue is warranted.   *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp. 2d 845, 849-50 (S.D. Ohio 2007); *Jamhour v. Scottsdale Ins. Co.*, 211 F. Supp. 2d 941, 945 (S.D. Ohio 2002).

### A. The Eastern District of Missouri

The Court must initially determine if this matter could have been brought in the Eastern District of Missouri.   *See* 28 U.S.C. § 1404(a).   A case "might have been brought" in a transferee court if: (1) the court has jurisdiction over the subject matter of the action; (2) venue is proper there; and (3) the defendant is amenable to process issuing out of the transferee court. *DeFrank v. Samsung Elecs. Am., Inc.*, No. 1:18-cv-296, 2019 WL 6828357, at *2 (S.D. Ohio

Dec. 13, 2019) (citing *Collaborative Sys. Grp. v. Grove*, No. 1:10-cv-543, 2012 WL 12926048, at *1 (S.D. Ohio Jan. 18, 2012); *Sky Tech. Partners, LLC v. Midwest Research Inst*., 125 F. Supp. 2d 286, 291 (S.D. Ohio 2000)).

      The parties do not dispute that this matter could have been brought in the Eastern District of Missouri.[3]  In reviewing the complaint, the Court determines that just as jurisdiction and venue are established in the Southern District of Ohio, so too could they be established in the Eastern District of Missouri.   That court would have diversity jurisdiction over the matter as the parties are citizens of different states, *see* 28 U.S.C. § 1332(a)(1), and the defendants would be amenable to service of process in their home state.   *See Commerzbank AG v. U.S. Bank Nat'l Ass'n*, No. 1:15-cv-818, 2016 WL 3255071, at *2 (S.D. Ohio June 14, 2016) (concluding that first step of section 1404(a)'s two-step inquiry was satisfied when transferee court had subject matter jurisdiction and none of the defendants had contested existence of personal jurisdiction in transferee court).   Venue in the Eastern District of Missouri would be proper because all of the named defendants reside in Missouri.   Defendant House resides in Lincoln County, Missouri, which is located in the Eastern District of Missouri.   Defendants James M. Joste, Sr., Richard J. Joste, and Randall S. Joste reside in Warren County, Missouri; defendant Crabtree resides in Gasconade County, Missouri; and defendant Bickmeyer resides in St. Charles County, Missouri. Each of these counties is located in the Eastern District of Missouri.   The remaining defendants are all residents of Missouri.   Venue would thus be properly laid in the Eastern District of

---

[3] While plaintiff asserts that venue in the Southern District of Ohio is proper under § 1391(b)(2), a fact that the Joste defendants do not dispute, plaintiff has not contested that the Eastern District of Missouri is a district where its interpleader action "might have been brought."

Missouri under 28 U.S.C. § 1391(b)(1).[4]   Therefore, the first requirement for transfer of venue

is satisfied.

### B. Convenience and the interest of justice

Once the Court determines that the case "could have been brought" in the transferee

court, "a district court considering a § 1404(a) motion (or a forum non conveniens motion) must

evaluate both the convenience of the parties and various public-interest considerations."   *Atl.*

*Marine Const. Co. v. U.S. Dist. Court for W. Dist. of Texas*, 571 U.S. 49, 62 (2013).

> The factors relating to the parties' private interests include "'relative ease of access
> to sources of proof; availability of compulsory process for attendance of unwilling,
> and the cost of obtaining attendance of willing, witnesses; . . . and all other practical
> problems that make trial of a case easy, expeditious and inexpensive.'"   *Id.* at [62]
> n.6 (quoting *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 241 (1981)).   The public-
> interest factors may include "'the administrative difficulties flowing from court
> congestion; the local interest in having localized controversies decided at home;
> [and] the interest in having the trial of a diversity case in a forum that is at home
> with the law.'"   *Id.*   The Court also must consider the interests of justice,
> including judicial economy and the avoidance of inconsistent judgments.   *See*
> *Waal v. AFS Techs., Inc.,* No. 1:14-cv-94, 2014 WL 1347794, at *9 (W.D. Mich.
> Apr. 4, 2014). . . .

*North v. McNamara*, 47 F. Supp. 3d 635, 646-477 (S.D. Ohio 2014) (Barrett, J.).   In addition,

the plaintiff's choice of forum must be given "some weight."   *Atl. Marine Const. Co.*, 571 U.S.

at 62 n.6 (citing *Norwood v. Kirkpatrick,* 349 U.S. 29, 32 (1955)).

As an initial matter, plaintiff's choice of the Southern District of Ohio should generally

be given "some weight."   *Id.*   However, in an interpleader action, that factor is entitled to less

weight than it otherwise might be afforded because the plaintiff is a nominal party.   "An

---

[4]  The venue statute for civil suits provides that such actions may be brought in the judicial district where (1) any
defendant resides, if all defendants reside in the same state; (2) a substantial part of the events giving rise to the
claim occurred or a substantial part of the property that is the subject of the action is situated; or (3) the defendants
are subject to personal jurisdiction at the time the action is commenced, if there is no district in which the action
may otherwise be brought.   28 U.S.C. § 1391(b).

interpleader plaintiff's choice of forum is entitled to far less deference where the plaintiff has no

stake in the outcome of the action, other than the resolution of a dispute between the competing

claimants."   *WB Music Corp. v. The Leonore S. Gershwin 1987 Tr.*, No. CV 09-5171, 2010 WL

11596155, at *3 (C.D. Cal. Mar. 18, 2010) (giving little weight to the plaintiffs' choice of forum

in interpleader action).   *See also Jackson Nat. Life Ins. Co. v. Economou*, 557 F. Supp. 2d 216,

221 (D.N.H. 2008) (plaintiff's choice of forum "neither for nor against the requested transfer" in

an interpleader action); *In re Monies on Deposit in Accounts at Stearns Bank Nat'l Ass'n,* No.

06-542, 2006 WL 3841518, at *1 (D. Minn. Dec. 29, 2006) ("However, where the plaintiff has

no underlying interest in where the case is litigated, as in an interpleader action, courts need not

defer to the plaintiff's choice of venue."); *Reliastar Life Ins. Co. of N.Y. v. LeMone,* No. 05-545,

2006 WL 733968, at *5 (W.D. Va. Mar. 16, 2006) ("an interpleader plaintiff has no real interest

concerning the jurisdiction in which the dispute between the claimants is to be litigated, and

therefore, there is no reason to defer to its selection of forum").   Thus, plaintiff's choice of

forum in this case does not militate against the requested transfer.

Next, the Court considers the convenience factors, including the convenience of the

parties, the location of witnesses, and the ease of access to proof.   "'Probably the most important

factor, and the factor most frequently mentioned, in passing on a motion to transfer under 28

U.S.C. § 1404(a), is the convenience of witnesses.'"   *Kay v. Nat'l City Mortg. Co.*, 494 F. Supp.

2d 845, 852 (S.D. Ohio 2007) (quoting 15 C.A. Wright, A.R. Miller & E.H. Cooper, Federal

Practice and Procedure, § 3851)).   In this case, all of the defendants—who are potential

beneficiaries of the annuity and potential witnesses—reside in Missouri.   Defendant House also

avers that she and her three co-defendant brothers have never lived in Ohio, have no connection

8

with Ohio, and do not have the financial resources to travel to Ohio for this lawsuit.   Integrity,

on the other hand, is a nation-wide insurance corporation which presumably would be better able

to bear the additional costs of litigating this matter in Missouri than the defendants, who are all

individuals.   "The relative financial strength of the parties and their respective abilities to

conduct the litigation in the original forum and the proposed transferee forum are factors relevant

to a decision" to transfer.   *Bartell v. LTE Club Operations Co.,* No. 2:14-cv-00401, 2015 WL

770341, at *8 (S.D. Ohio Feb. 23, 2015), *report and recommendation adopted sub nom. Bartell*

*v. LTF Club Operations Co*., 2015 WL 1730415 (S.D. Ohio Apr. 14, 2015) (citing *AMF, Inc. v.*

*Computer Automation, Inc*., 532 F. Supp. 1335, 1344 (S.D. Ohio 1982)).   *See also B.E. Tech.,*

*LLC v. Facebook, Inc.,* 957 F. Supp. 2d 926, 937 (W.D. Tenn. 2013) (considering among the

factors in a § 1404(a) case "the relative ability of litigants to bear expenses in any particular

forum") (citing *Ellipsis, Inc. v. Colorworks, Inc*., 329 F. Supp. 2d 962, 970 (W.D. Tenn. 2004)).

With regard to the convenience of the parties, there is no doubt that the transfer of this case to the

Eastern District of Missouri would be most convenient for the 17 named defendants.   On

balance, the convenience of the parties weighs heavily toward transfer as it would be more

burdensome for the defendants to litigate this matter in the Southern District of Ohio, as opposed

to the Eastern District of Missouri.

The likely non-party witnesses in this case are also located in Missouri.   At issue are the

identities of the proper beneficiaries of the annuity proceeds.   The complaint alleges that the

Missouri Probate Court order directed the designation of "the same beneficiaries that were

named on [the Allianz] annuity for which the [Integrity Annuity] is a substitute."   The

beneficiary designation that was later submitted to Integrity, however, did not match the

9

beneficiaries of the Allianz Annuity.   The complaint further alleges that no additional or corrected change of beneficiary form was ever submitted subsequent to its correspondence requesting this change.   The dispute over the rightful beneficiaries depends, inter alia, on who was named as beneficiaries of the Alliance annuity, the circumstances involved in the subsequent submission of the beneficiary designation to Integrity, and whether the decedent died intestate such that the heirs to the estate may be entitled to the proceeds of the annuity.   Defendant House avers that the insurance broker who handled the purchase of the subject insurance policy is located in Warrenton, Missouri, and the policy was purchased through her office in Warrenton, Missouri.   Thus, one likely non-party witness would be the insurance broker located in Missouri.   Integrity alleges that its employees processed the annuity transfer in Ohio, the communications from its employees occurred in Ohio, and the proceeds of the annuity are held in Ohio, suggesting that its employees in Ohio are potential witnesses.   However, Integrity does not claim any interest in the annuity proceeds.   Once Integrity deposits the disputed funds of the annuity into the court's registry, Integrity will effectively have no further interest in this matter and will be dismissed from the lawsuit.   This factor weighs in favor of transfer.

Finally, plaintiff alleges the Southern District of Ohio has an interest in adjudicating this dispute because Integrity is an Ohio insurance company with its principal place of business in Ohio, and the dispute involves a contract issued by Integrity.   (Doc. 10 at 11).   The public-interest factor of local resolution of controversies weighs against transfer.   *See Dayton Superior Corp. v. Yan*, 288 F.R.D. 151, 169 (S.D. Ohio 2012) ("Ohio courts have an interest in adjudicating disputes regarding Ohio companies").   However, other factors either weigh in favor of transfer or do not affect the balance either way.   The location where the annuity transfer was

10

processed has little relevance to this case.   The heart of the case is how to divide the annuity proceeds and to whom such funds should be paid rather than issues concerning the annuity itself. In addition, under the current status of this case, it appears that issues surrounding the designation of the proper beneficiaries of the annuity may be a matter of Missouri law.

After balancing both the private and public interests involved, the Court finds that transfer of this matter to the Eastern District of Missouri would serve the convenience of the parties and witnesses and the interests of justice.   Accordingly, defendants' motion to transfer venue is **GRANTED**.   The Court **ORDERS** that this case be **TRANSFERRED** to the United States District Court for the Eastern District of Missouri.

**IT IS SO ORDERED.**

Date:   4/20/2020

*Karen L. Litkovitz*
Karen L. Litkovitz
United States Magistrate Judge

11